STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-899


STATE OF LOUISIANA

VERSUS

EDWIN PAUL FRINKS



**********

ON REMAND FROM THE SUPREME COURT OF LOUISIANA
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 334,569
HONORABLE WILLIAM GREGORY BEARD, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and
Phyllis M. Keaty, Judges.



CONVICTION AND SENTENCE VACATED;
REMANDED FOR NEW TRIAL.

**Phillip Terrell**
**District Attorney**
**Ninth Judicial District Court**
**Cheryl A. Carter**
**Assistant District Attorney**
**P. O. Drawer 7358**
**Alexandria, LA 71306**
**(318) 473-6650**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **State of Louisiana**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Edwin Paul Frinks**

**SAUNDERS, Judge.**

On October 24, 2017, Defendant, Edwin Paul Frinks, was charged by bill of information with the attempted second-degree murder of Travis Darnell James, Jr., in violation of La.R.S. 14:27 and 14:30.1. On June 20, 2018, an 11-1 jury found Defendant guilty of the lesser included offense of attempted manslaughter, in violation of La.R.S. 14:27 and 14:31. Defendant raised five assignments of error through trial counsel: (1) that there was insufficient evidence to support Defendant's conviction, (2) that the State failed to prove the homicide was not justifiable, (3) the trial court gave an erroneous jury instruction regarding intent, (4) the trial court erred by allowing two witnesses to discuss statements made to them by the victim, and (5) that his sentence was excessive. In a supplemental pro se brief, Defendant raised two assignments of error alleging that his conviction was unconstitutional because he was convicted by a less than unanimous jury.

On June 12, 2019, this court affirmed Defendant's conviction and sentence. *See State v. Frinks*, 18-899 (La.App. 3 Cir. 6/12/19), 274 So.3d 635. Regarding Defendant's assertion that his conviction was unconstitutional due to the 11-1 verdict, this court held:

> At the time of Defendant's crime, La.Code Crim.P. art. 782(A) stated that cases "in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict." Defendant contends that, under *Hunter v. Underwood*, 471 U.S. 222, 105 S.Ct. 1916, 85 L.Ed.2d 222 (1985), La.Code Crim.P. art. 782 was unconstitutional and "violated equal protection because it had the effect of disenfranchising a disproportionate percentage of blacks" and because the law arose out of a clearly racially charged constitutional convention. No Louisiana appellate court has ever accepted this argument; furthermore, non-unanimous jury verdicts were held constitutional by the Supreme Court in *Apodaca v. Oregon*, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972). Additionally, in affirming the constitutionality of La.Code Crim.P. art. 782, the supreme court specifically stated:

We note that defendant's last argument—that the use of non-unanimous verdicts have an insidious racial component, allow minority viewpoints to be ignored, and is likely to chill participation by the precise groups whose exclusion the Constitution has proscribed-was also argued in *Apodaca.* .With regard to this assignment of error, a majority, rather than a plurality, of the Court determined that the argument was without merit.

*State v. Bertrand*, 08-2215, 08-2311, pp. 7-8 (La. 3/17/09), 6 So.3d 738, 743.

In light of *Apodaca* and *Bertrand*, Defendant's argument regarding the constitutionality of La.Code Crim.P. art. 782 and Defendant's eleven-to-one guilty verdict lacks merit.

*Frinks*, 274 So.3d at 652.

On June 3, 2020, the supreme court granted Defendant's writ application in *State v. Frinks*, 19-1145 (La. 6/3/20), ___ So.3d ___, and 19-1217 (La. 6/3/20), ___ So.3d ___, and remanded the case for further proceedings because the matter was pending on direct review while *Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390 (2020), was decided. As such, the holding of *Ramos* applied to the case.

In *Ramos*, the Supreme Court found non-unanimous jury verdicts unconstitutional. Therefore, we find that Defendant's assertion that his conviction was unconstitutional, based on *Ramos*, has merit. Accordingly, Defendant's conviction and sentence for attempted manslaughter via a non-unanimous verdict is vacated and the case is remanded for a new trial.

**CONVICTION AND SENTENCE VACATED; REMANDED FOR NEW TRIAL.**

2